The opinion of the Court was delivered by
O’Neall, J.
The only question of law in this case is, whether the declarations of the payee were admissible, in evidence.
The note was payable to bearer, and, of course, passed on delivery. The payee (Haller) had the note in his hands, when he made the declarations. This was on the day, or the next after, it was drawn. It is true, he then said, he had sold the note; but that might or might not have been true. He had the possession, and until he parted with that, no one could be rightfully said to be the bearer.
The case of Snelgrove vs. Martin & Patrick, 2 McC., 241, is full to the very point.
The case of Land vs. Lee, 2 Rich. 168, which ruled the declarations of a vendor made while in possession, to be competent evidence, is also abundant authority to sustain the decision made below.
Indeed, if such shuffling, as that which was resorted to here, the payee holding the note in his hand, asking for payment, admitting that the note was given for a gaming consideration, but at the same time saying he had sold it, could exclude his *5 declarations in favor of the defendant, every gambler might, in the name of his associate, recover notes given for money won. The motion is dismissed.
Wardlaw, Frost, Withers, Whither and Glover, JJ., concurred.

Motion dismissed.